UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOHN BECKER
111 North 5th Street
Perkasie, PA 18944

      Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY
151 Farmington Avenue
Hartford, CT 06105

      Defendant.

Civil Action No.:

## COMPLAINT

Plaintiff, John Becker, hereby brings this civil action against Defendant Aetna Life Insurance Company and in support thereof states as follows:

### NATURE OF ACTION

1. This case involves a claim for long term disability ("LTD") benefits under the employee welfare benefit plan ("the Plan") of Ahold USA, Inc., which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff seeks recovery of benefits pursuant to 29 U.S.C. §1132(a)(1)(B).

### JURISDICTION AND VENUE

2. This court has jurisdiction over the issues raised herein pursuant 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

3. Venue is proper in the Eastern District of Pennsylvania. *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b).

4. ERISA provides a mechanism for administrative or internal appeal of benefits denials. *See* 29 U.S.C. §1133. Those avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5. Plaintiff, John Becker, is an adult individual currently residing in Bucks County, located in the Eastern District of Pennsylvania.

6. Defendant, Aetna Life Insurance Company, is a business entity with a corporate office address of 151 Farmington Avenue, Hartford, CT 06105. Defendant Aetna is licensed to and does business in the Eastern District of Pennsylvania.

7. At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

8. At all times relevant, Defendant Aetna issued the Plan, insured the Plan, and was the claims fiduciary that determined eligibility for benefits.

9. As an employee of Ahold USA, Inc., Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).

## CLAIM FOR BENEFITS

10. John Becker was an active, full-time employee of Ahold USA, Inc. through his last date worked June 11, 2012.

11. Mr. Becker was an employee of Clemens Markets for approximately 20 years prior to Ahold USA, Inc. purchasing Clemens supermarket under its Giant brand in late 2006. Mr. Becker then worked for Ahold USA, Inc.'s Giant brand supermarket as a Store Manager Level 2 for approximately 5.5 years prior to his disability.

12. As of June 12, 2012, Mr. Becker was unable to work due to the severity of his physical impairments including, but not limited to, Charcot-Marie-Tooth Disease, idiopathic peripheral neuropathy, and fatigue.

13. Charcot-Marie-Tooth Disease is a rare, genetic neurological disorder that impacts one's motor and sensory nerves.

14. Per Defendant Aetna's paid medical consultant, Dr. Brock, with regard to Charcot-Marie-Tooth Disease,

> This is a progressive neurologic disorder with no known cure and no known treatment to improve the neurologic abilities. Symptom management is recommended to assist in reference to any pain as a result of the neuropathy.

15. A May 19, 2011 needle EMG study performed on Mr. Becker evidenced severe chronic demyelinating polyneuropathy, consistent with Charcot-Marie-Tooth Disease.

16. After stopping work in June of 2012, Mr. Becker filed a timely claim with Defendant Aetna for long term disability benefits under the Plan.

17. According to the Plan, the "Test of Disability" is defined as follows:

*From the date that you first become disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*

- *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*

- *Your earnings are 80% or less of your adjusted predisability earnings.*

*After the first 24 months that any monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.*

18. Defendant Aetna paid Mr. Becker's claim for the first 24 months of LTD benefits where the insurer concluded that he satisfied the Plan's "Test of Disability" under the "own occupation" test.

19. In a December 9, 2014 letter, Defendant Aetna wrongfully and unreasonably terminated Mr. Becker's benefits effective December 8, 2014.

20. As a direct result of his physical impairments, Mr. Becker has been unable to perform the material duties of "any reasonable occupation" within the wage requirements of the Plan from December 8, 2014 through present and continuing.

21. Mr. Becker is entitled to payment of LTD benefits beyond the initial 24 months under the "any reasonable occupation" test.

22. The Social Security Administration determined that Mr. Becker was disabled from any gainful occupation since June 11, 2012 at Step 3 of the sequential evaluation process where he met neurological listing 11.04 of 20 CFR Part 404, Subpart P, Appendix 1.

23. Administrative Law Judge ("ALJ") Deborah Mande's determination that Mr. Becker meets Social Security's listing of impairments, specifically peripheral neuropathies, is indicative of the extreme severity of his physical impairments.

24. ALJ Mande gave significant weight to the medical opinion of Mr. Becker's treating physician, Dr. Kim Kuhar.

25. The medical records of Dr. Kuhar and treating neurologist Dr. Steven S. Scherer consistently document Mr. Becker's complaints of pain and fatigue.

26. In a May 8, 2015 letter, Dr. Kuhar opines that Mr. Becker is not capable of any form of gainful employment due to the unpredictable, variable nature of his symptoms resulting in his need for pain medication and frequent breaks.

27. The objective evidence of record – namely diagnostic studies, physical examinations, and clinical observations – corroborate the severity of Mr. Becker's subjective complaints.

28. Mr. Becker filed a timely appeal of Defendant Aetna's termination of benefits in accordance with 29 U.S.C. §1133.

29. In support of his appeal, Mr. Becker submitted additional, updated medical evidence dated through June of 2015.

30. During its review of Mr. Becker's appeal, Defendant Aetna ordered a "paper review" of Mr. Becker's medical documentation which was conducted by its paid medical consultant, Dr. Charles Brock.

31. Defendant Aetna's paid medical consultant, Dr. Brock, never physically examined Mr. Becker.

32. Defendant Aetna asked Dr. Brock to answer only one question, as follows:

> Based on the provided documentation, and telephonic consultation, when applicable, provide a detailed description of the claimant's functional impairments, if any, from 12/09/14 - PRESENT?

33. Defendant Aetna abused its discretion and did not complete a full and fair review of Mr. Becker's long term disability claim by not considering the impact of Mr. Becker's pain on his day to day functioning.

34. Defendant Aetna abused its discretion and did not complete a full and fair review of Mr. Becker's long term disability claim by not considering or evaluating Mr. Becker's need for frequent work breaks.

35. Defendant Aetna abused its discretion and did not complete a full and fair review of Mr. Becker's long term disability claim by not considering or evaluating Mr. Becker's need for work absences due to the variable nature of his severe, untreatable neurological condition.

36. Defendant Aetna did not order an independent medical examination ("IME").

37. Defendant Aetna's own internal claim notes detail that the insurance company was to "consider IME/FCE" once a vocational rehabilitation assessment was performed.

38. Per the Plan, Defendant Aetna had discretion to order an independent medical examination.

39. Defendant Aetna did not order a functional capacity evaluation ("FCE").

40. Per the Plan, Defendant Aetna had discretion to order a functional capacity evaluation.

41. Defendant Aetna did not conduct an in-person, field investigation interview of Mr. Becker.

42. Per the Plan, Defendant Aetna had discretion to order an in-person, field investigation interview.

43. By way of letter dated July 30, 2015, Defendant Aetna upheld its previous decision to terminate Mr. Becker's benefits effective December 8, 2014.

44. As a result of Defendant Aetna's issuance of the final determination, all administrative remedies are exhausted and this matter is ripe for judicial review.

45. The determination by Defendant Aetna that Mr. Becker does not meet the "Test of Disability" beyond December 8, 2014 with regard to "any reasonable occupation," as defined by the Plan, is contrary to the welfare benefit plan, and has no rational support in the evidence.

46. Defendant Aetna's final decision to terminate Mr. Becker's benefits effective December 8, 2014 was arbitrary and capricious.

47. As a direct and proximate result thereof, based on the evidence submitted to Defendant Aetna establishing that Mr. Becker satisfied the Plan's "Test of Disability" continuously since December 8, 2014, he is entitled to payment of monthly benefits retroactive from December 9, 2014; and such benefits should be continued as long as he remains disabled in accordance with the terms of the Plan.

*THIS SPACE INTENTIONALLY LEFT BLANK*

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant; and

B. That the Court order Defendant to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled; and

C. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

D. That Plaintiff recover any and all other relief to which Plaintiff may be entitled including, but not limited to, remand to Defendant for further administrative proceedings as well as the costs of suit; and

E. That the Court award Plaintiff's attorney's fees pursuant to 29 U.S.C. §1132(g) should any form of relief be awarded to Plaintiff.

Respectfully submitted,

By: _____
Joseph Capitan, Esq. #307043
MARTIN LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
jcapitan@paworkinjury.com
p: 215.587.8400 f: 267.765.2033
*Attorney for Plaintiff, John Becker*